IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

DAWNYEL K. HIMES, an individual,

       Plaintiff,

v.

AUTOMOTIVE WARRANTY SERVICES,
INC., a Delaware corporation,

       Defendant.

---

## NOTICE OF REMOVAL

---

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Automotive Warranty Services, Inc. hereby removes this action from the Arapahoe County

District Court, Colorado to the United States District Court for the District of Colorado, on the

ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal, AWS states as

follows:

### BACKGROUND

     1.    On May 20, 2019, Plaintiff Dawnyel K. Himes ("Plaintiff") filed a complaint

("Complaint") against Automotive Warranty Services, Inc. ("AWS") in the Arapahoe County

District Court, Colorado, bearing Civil Action No. 2019CV000132 (the "State Court Action").

2.      Plaintiff served AWS with the Complaint on May 31, 2019. (*See* Return of Service, Exhibit A.)

3.      The Complaint alleges that on or about December 29, 2014, Plaintiff purchased a Mechanical Repair Service Contract administered by AWS ("Service Contract"), which covered Plaintiff's 2012 BMW X5 automobile (the "Subject Automobile"). (*See* Compl. ¶ 6, Exhibit B.)

4.      Plaintiff alleges that on March 3, 2017, Schomp BMW ("Schomp") performed "recall service work" on the Subject Automobile, and "additional work to repair an oil filter gasket." (Compl. ¶ 9.) Plaintiff further alleges that when she returned to pick up the Subject Automobile from Schomp on March 6, 2017, "the 'check engine' light was activated" and she returned it to the service department before leaving the Schomp premises. (Compl. ¶¶ 10-11.)

5.      Plaintiff alleges that on March 13, 2017, Schomp representatives notified her that the Subject Automobile's engine had seized when a Schomp service technician was performing a test drive, and Schomp recommended a total engine replacement. (*Id.* ¶ 12.)

6.      Plaintiff submitted a claim for benefits under the Service Contract. (*Id.* ¶ 14.)

7.      Plaintiff alleges that AWS breached the Service Contract "by denying coverage and refusing to remedy the breakdown." (*Id.* ¶ 17.)

8.      As a result of the alleged breach, Plaintiff seeks compensatory damages for property damage, loss of use of the Subject Automobile, and "the cost to remedy the effects of the breakdown." (*Id.* ¶ 18.)

9.      Plaintiff also seeks "costs and reasonable attorney fees." (*Id.* at 3, "wherefore" clause.)

10.     AWS contends that its actions were reasonable and it did not breach the Service Contract.

## GROUNDS FOR REMOVAL

### I.     REMOVAL IS TIMELY

11.     Unless removal of a complaint is clear on its face, the thirty-day time limit in 28 U.S.C. § 1446(b)(1) is not triggered. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030 (10th Cir. 1998) (noting that when "an initial pleading" is "ambiguous in that it did not provide unequivocal notice of the right to remove," the thirty-day period does not begin to run in the Tenth Circuit until the defendant receives unequivocal notice of the right to remove"); *see also Chateau Vill. N. Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-CV-01583-PAB-NYW, 2015 WL 1064627, at *4 (D. Colo. Mar. 9, 2015) (finding that the defendant was entitled to a second thirty-day period for removal, which was "triggered by plaintiff's service of Colo. R. Civ. P. 26(a)(1) disclosures, which clearly and unequivocally indicated that the amount in controversy exceeded $75,000").

12.     Here, Plaintiff's Complaint is indeterminate as to removal. Plaintiff did not allege any amount in controversy. Specifically, the Complaint does not identify the amount of Plaintiff's alleged damages.

13.     Likewise, although Plaintiff initially stated in her Civil Case Cover Sheet that she was seeking less than $100,000 in the State Court Action, (*See* Civil Case Cover Sheet at ¶ 2, Exhibit C), Plaintiff now represents that her damages are $100,000. (*See, infra*, Section III.)

14.   Under Colorado Rule of Civil Procedure 26(a)(1), initial disclosures in the State Court Action were due on August 9, 2019. However, Plaintiff failed to serve any disclosures or documents on or before this date.

15.   During a Status Conference with the State Court on August 14, 2019, the State Court granted Plaintiff an extension of time until August 23, 2019 to serve her initial disclosures. (*See* Order, Aug. 15, 2019, attached as Exhibit D.)

16.   Plaintiff served deficient disclosures on August 23, 2019, which failed to include a computation of her damages as required by Colorado Rule of Civil Procedure 26(a)(1)(C).

17.   On August 26, 2019, undersigned counsel conferred with Plaintiff several times via email regarding Plaintiff's deficient initial disclosures. Plaintiff supplemented her disclosures on August 26, 2019, representing that her damages in this action total $100,000. (*See* Pl.'s Aug. 26, 2019 email and attached Rule 26 Initial Disclosures at 3, Exhibit E.)[1]

18.   Thus, this Notice of Removal is timely filed within thirty days after receipt of an "other paper" from which it was first "ascertained that the case is one which is . . . removable." *See* 28 U.S.C. § 1446(b)(3); *see also Chateau Vill. N. Condo. Ass'n*, No. 14-CV-01583-PAB-NYW, 2015 WL 1064627, at *4 (noting that receipt of initial disclosures started a second thirty-day clock for purposes of removal); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (collecting cases and observing that various discovery documents constitute an "other paper" for purposes of removal). No previous application for removal has been made.

---

[1] During required conferrals, Plaintiff previously indicated verbally that she might seek $100,000 in this action. However, August 26, 2019 was the first date that Plaintiff provided a written document in discovery stating her alleged damages. Thus, August 26, 2019 was the first time AWS received an "other paper," which started the second thirty-day period for removal. *See Chateau Vill. N. Condo. Ass'n*, 2015 WL 1064627, at *4.

## II.  DIVERSITY OF CITIZENSHIP EXISTS

19.  There is complete diversity of citizenship among the opposing parties.

20.  A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id.*

21.  Plaintiff is a citizen of the State of Colorado. (Compl. at ¶ 1, Exhibit B.)

22.  Defendant AWS is a corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois. (*See* Colorado Secretary of State Summary, Exhibit F.) Therefore, AWS is a citizen of Delaware and Illinois. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1714 (2016) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

23.  Because the parties are citizens of different states, and AWS is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1), § 1332(c)(1), and § 1441(b)(2).

## III.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

24.  The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

25.    Plaintiff's Rule 26 disclosures conclusively establish that the alleged damages exceed the jurisdictional threshold. (*See* Pl.'s Aug. 26, 2019 email and attached Rule 26 Initial Disclosures at 3, Exhibit E.) In our outline of damages, Plaintiff disclosed she is "seeking the full amount of $100,000 for all [her] losses of $78,000.00 plus attorney fees [she has] acquired." (*Id.*) Specifically, Plaintiff is seeking the following damages that she alleges flow from AWS's alleged breach of the Service Contract:

    a.    $14,000-$25,000 (or more) for an engine replacement;
    b.    $45,000 for 900 days without use of Plaintiff's vehicle;
    c.    $3,999 for the cost of the Service Contract;
    d.    Approximately $4,000 in miscellaneous other alleged damages, including Plaintiff's poor/fair credit, financial hardship, and inability to obtain a home due to a low credit score, allegedly as a result of AWS's breach of the Service Contract; and
    e.    Approximately $22,000 in past attorney's fees incurred related to AWS's alleged breach of the Service Contract.

(*See* Exhibit E.)

26.    In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

27.    Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2), 1441(a), and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

28.    As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

### NOTICE OF REMOVAL

29.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is attached hereto as Exhibit G.

### NO WAIVER

30.     No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

### CONCLUSION

31.     For the reasons set forth above, AWS gives notice that the State Court Action in the District Court for Arapahoe County, Colorado, is hereby removed to the U.S. District Court for the District of Colorado.

32.     Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, AWS reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated: August 30, 2019

Respectfully submitted,

***I hereby certify that I am a member in good
standing of the bar of this Court***

*s/ Carrie M. Hobbs*

Terence M. Ridley
Carrie M. Hobbs
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:  ridley@wtotrial.com
Email:  hobbs@wtotrial.com

*Attorneys for Defendant
Automotive Warranty Services, Inc.*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on August 30, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email and U.S. Mail:

Dawnyel K. Himes (*Pro se*)
Kent Place Residences
3465 S. Gaylord Court, #A-511
Englewood, CO 80113
donnidiva303@gmail.com

*Plaintiff*

s/ Shari L. Wall